UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TENNESSEE PRISONERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:20-cv-00773 |
| TONY PARKER, | ) | |
| Defendant. | ) | |

| TENNESSEE PRISONERS, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | NO. 3:20-cv-00774 |
| TAUREAN JAMES, | ) | |
| Defendant. | ) | |

| MARVIN GREEN, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | NO. 3:20-cv-00775 |
| CPL. (F/N/U) SELLERS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

These civil actions were initiated between September 8 and 10, 2020, when the Court received separate mailings (all postmarked August 28, 2020) from Marvin Green, an inmate of the

Mark Luttrell Transitional Center in Memphis, Tennessee. These mailings each contained a complaint for violation of civil rights under 42 U.S.C. § 1983.

## I. BACKGROUND

The three complaints, separately received, were understandably opened as separate civil actions under Case Nos. 3:20-cv-00773, 3:20-cv-00774, and 3:20-cv-00775 (hereinafter referred to as "Case 773," "Case 774," and "Case 775"), despite the inconspicuous designation in their captions as "Count I," "Count II," and "Count III," respectively. Soon thereafter, Green called the Clerk's Office and strongly objected to the opening of three separate cases rather than one case.

In Cases 773 and 774, the caption of the complaints lists the plaintiff as "Tennessee Prisoners," but these two complaints are signed by Green and one other inmate, Anthony Hervey. And in Case 775,[1] the caption of the complaints lists the plaintiffs as Green and Hervey, while an attachment lists additional plaintiffs as James Jones, Kendrick Merritt, Nathaniel Wilmoth, Thomas Pruitt, and Jeffrey Coffey. These additional plaintiffs signed the attachment and indicated their intent to be included as plaintiffs "for Count-I & II." (Case 775, Doc. No. 1 at 7.) However, the only factual allegations pertaining to individual inmates in any of the three complaints refer to grievances filed by Green and Hervey. (Case 775, Doc. No. 1 at 5.) Green has also moved to supplement the record with documentation related to his personal grievances. (Case 773, Doc. No. 3.)

## II. CONSOLIDATION

On September 28, 2020, the Court received a motion to consolidate Cases 774 and 775 with Case 773, and "to certify this case [773] as a class action and appoint counsel[.]" (Case 773,

---

[1] Case 775 was originally assigned to Judge Richardson but was transferred to the undersigned as related to Cases 773 and 774 on September 14, 2020. (Case 775, Doc. No. 3.)

Doc. No. 4.)[2] Green is the only Plaintiff who signed this motion,[3] in violation of the requirement of Federal Rule of Civil Procedure 11 that each unrepresented party must personally sign "[e]very pleading, written motion, and other paper." Fed. R. Civ. P. 11(a); see, e.g., Shannon v. Johnson, No. 3:12-cv-01318, 2013 WL 1564223, at *1 (M.D. Tenn. Apr. 12, 2013) ("When two or more [unrepresented] plaintiffs are proceeding as co-plaintiffs, each plaintiff must sign the complaint as per Rule 11(a) of the Federal Rules of Civil Procedure."). For this reason, the motion (Doc. No. 4) is **DENIED**.

Nevertheless, in deference to the apparent intent of all Plaintiffs (and the expressed intent of Plaintiff Green) that these three pleadings comprise one complaint, the Court will unify these cases as follows: the Clerk is **DIRECTED** to file the complaints in Cases 774 and 775 on the record in Case 773, where all three opening pleadings may together be considered as Plaintiffs' operative pleading, and to **ADMINISTRATIVELY CLOSE** Cases 774 and 775.

III. FILING FEE

This leaves the matter of the $400 civil filing fee required to institute Plaintiffs' action.[4] No payment or application to proceed in forma pauperis has been received in this matter. Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," even if they are indigent. 28 U.S.C. § 1915(b)(1). However, the collection of the filing fee is complicated in

---

[2] Copies of this motion were also filed in Cases 774 and 775.

[3] It appears from the Tennessee Felony Offender Information website, https://apps.tn.gov/foil-app/search.jsp (last visited October 22, 2020), that Plaintiffs Jones, Merritt, and Hervey were released from prison on October 4, 7, and 8, respectively.

[4] There is a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a) and (b). The Judicial Conference has set a $50 administrative fee for filing any civil case, except for cases in which the plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Accordingly, plaintiffs who are not granted pauper status are responsible for the full $400 fee.

this case by the fact that three of the seven Plaintiffs have apparently been released from confinement since filing this action, while Plaintiff Green has been determined to be a "three-striker" who may be barred from proceeding as a pauper under 28 U.S.C. § 1915(g).[5] In light of this complication, and because this action will be transferred to the Western District of Tennessee, the matter of the filing fee will be left for the receiving court.

IV. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Even when an action is brought in a proper venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a); see Burnett v. Caruso, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); see K-Tex, LLC v. Cintas Corp., 693 F. App'x 406, 408 (6th Cir. 2017).

While venue is not improper here because Commissioner Tony Parker resides in this district, the other Defendants—Superintendent Taurean James and Cpl. Sellers—reside in

---

[5] See Green v. Bell, et al., No. 2:19-cv-02526-SHL-dkv, Doc. No. 8 at 2 & n.1 (W.D. Tenn. Jan. 3, 2020) (citing dismissals for failure to state a claim in seven cases: Green v. Jones, et al., No. 2:14-cv-02306-JDT-tmp (W.D. Tenn. Nov. 24, 2014); Green v. Lester, No. 2:14-cv-02009-JDT-tmp (W.D. Tenn. July 2, 2014); Green v. Lester, No. 2:14-cv-02025-JDT-dkv (W.D. Tenn. July 2, 2014); Green v. State of Tennessee, et al., No. 2:14-cv101-RLJ (E.D. Tenn. Feb. 23, 2015); Green v. Attorney General, et al., No. 3:14-cv-2267 (M.D. Tenn. Dec. 4, 2014); Green v. State of Tennessee, No. 3:14-cv-01614 (M.D. Tenn. Aug. 14, 2014); and Green v. Coffey et al., No. 2:06-cv-0226 (E.D. Tenn. June 15, 2007)).

Memphis, Tennessee, where they are employed at the Mark Luttrell Transitional Center. Memphis lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(2). Moreover, all of Plaintiffs' claims concern alleged mistreatment due to their status as "Phase III residents" at the Mark Luttrell Transitional Center. "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum," as here. Burnett, 2010 WL 1609256, at *2. The Court therefore finds that transfer to the Western District is warranted for the convenience of parties and witnesses, in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Accordingly, the Clerk is directed to **TRANSFER** Case No. 3:20-cv-00773 to the United States District Court for the Western District of Tennessee, Western Division at Memphis. Plaintiffs must send any future filings in this case to the Western District of Tennessee.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE